**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jerry Lee WHITNEY,
Defendant-Appellant.**

No. 13844.

Missouri Court of Appeals,
Southern District,
Division Three.

Feb. 7, 1985.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Feb. 26, 1985.

Application to Transfer Denied
April 2, 1985.

John D. Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy Hentig Narrow, Public Defender, Daniel A. Beatty, Asst. Public Defender, Benton, for defendant-appellant.

GREENE, Judge.

Defendant, Jerry Lee Whitney, was charged by information with the class D felony of escape from confinement, § 575.-210.1, .2(2)(a).[1] A jury convicted him of the charge, for which he was sentenced, under the extended term provisions of the persistent offender statutes, §§ 557.036.4 and 558.016, to 10 years' imprisonment, the trial court having determined, after hearing evidence, that Whitney had been convicted of three prior felonies.

On appeal, Whitney, although not raising the issue at trial, or in his motion for new trial, contends that the trial court committed plain error in accepting the jury verdict because the evidence was insufficient to sustain the verdict.

 If the evidence was insufficient to sustain the verdict of guilty, then plain error resulting in a miscarriage of justice is clearly mandated, and· the conviction must be reversed. *State v. Payne*, 654 S.W.2d 139, 141 (Mo.App.1983). In our review, our function is not to weigh the evidence, but rather to determine whether there was sufficient proof from which the jury could reasonably have found Whitney guilty as charged. In this determination, we accept as true all evidence, direct and circumstantial, and all reasonable inferences therefrom that are supportive of the verdict, and disregard all evidence and inferences to the contrary. *State v. Turner*, 623 S.W.2d 4, 6 (Mo. banc 1981), *cert. denied*, 456 U.S. 931, 102 S.Ct. 1982, 72 L.Ed.2d 448 (1982).

Section 575.210, the statute under which Whitney was charged and convicted, provides "[a] person commits the crime of escape from confinement if, while being held in confinement after arrest for any crime, or while serving a sentence after conviction for any crime, he escapes from confinement." In this case, the state introduced the following evidence. Whitney was charged in the circuit court of Mississippi County with the felony crimes of burglary and stealing, and confined in the county jail because of failure to make bond. He was brought to court for the purpose of his preliminary hearing, and was seated on a bench in the courtroom. Whitney was not handcuffed, nor in shackles. Whitney was instructed to remain on the bench

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

while Deputy Sheriff Danny Lafferty, who had Whitney in custody, testified in a hearing then in progress.

When Lafferty returned to the bench, Whitney was gone, and could not be located in the courthouse. While Lafferty was checking with other deputies to see if Whitney had been returned to jail by some other officer, Captain Willis Cox, of the Charleston Police Department, who knew Whitney, and had seen him in court a few minutes before, saw Whitney running across a parking lot near the Charleston Police Station. Whitney was "running fast." Willis and other officers gave chase. During the pursuit, Whitney scaled a seven foot fence, and travelled about five blocks before he was apprehended by Police Officers Butler and Nolen. As Butler was putting handcuffs on Whitney, the defendant said, "Them son-of-a-bitches lied on me. I had to get out of there." Whitney was returned to jail, and charged with escape.

Whitney took the stand and said that he thought the associate circuit judge who conducted his preliminary hearing told him, at the conclusion of the hearing, that the case was dismissed, and that he could leave. The judge, called as a state's witness, denied this, and identified a court record showing Whitney bound over for trial following his preliminary hearing. Whitney admitted he had never posted the $25,000 bond set as a condition for his release from jail. Prior to being sentenced, Whitney told the trial judge, "I will plea my part as far as the escape, and I feel I was part wrong and I admit I was out of custody."

The evidence related above was more than sufficient to prove the charge beyond a reasonable doubt. Whitney's claim that the evidence was insufficient to sustain the conviction has no merit.

Judgment affirmed.

CROW, P.J., and TITUS and FLANIGAN, JJ., concur.